her during their joint lives, in addition to fifteen dollars a week for the support of the children, and by inserting in lieu thereof a provision that defendant pay to plaintiff as alimony, for the support of herself and the children, the sum of sixty-five dollars a month from the date of the judgment less such amounts, if any, as have been paid under the order for alimony *pendente lite* since the date of the judgment. As so modified the judgment, in so far as appealed from, is unanimously affirmed, without costs. Findings inconsistent with this decision are reversed and new findings will be made in accordance herewith. In our opinion the court was without power to require the defendant to make quarterly reports of his earnings and to pay one-third thereof to the plaintiff during their joint lives, and, in view of the circumstances, sixty-five dollars per month is a reasonable amount to be paid the plaintiff for the support of herself and children, that being the same amount paid under the former decree when the children in plaintiff's custody were much younger, and being the same amount paid by defendant after the expiration of the former decree and until June, 1929. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ. Settle order on notice.

CHARLES S. EARLEY, JR., by CHARLES S. EARLEY, His Guardian ad Litem, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.*— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Kapper and Scudder, JJ., concur; Young and Tompkins, JJ., dissent and vote for reversal and a dismissal of the complaint on the ground that the plaintiff had failed to establish a cause of action.

LORETTA FILAN and LUKE FILAN, Respondents, v. WEST END REALTY CORPORATION, Sued Herein as WEST END DEVELOPMENT CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

SIDNEY GOLDSTEIN, Respondent, v. LILLIAN GOLDSTEIN, Appellant.— Order denying defendant's motion to open her defaults, to permit her to amend her answer and to direct payment of alimony and counsel fee affirmed, without costs. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

LOUIS GREEN, Appellant, v. MEYER BONUCK and Others, Executors, etc., of IKE BONUCK, Deceased, Respondents. (Actions Nos. 1, 2, 3 and 4.)†— Judgments reversed on the law and the facts and a new trial granted, costs to appellant to abide the event, upon the ground that the decision and judgments in favor of the defendants are contrary to the weight of the credible evidence. If it were true that the original mortgage was usurious, that defense was available in the foreclosure action, of which defense defendants in the foreclosure action did not avail themselves. Aaron Bonuck was of sufficient experience in real estate transactions to know of the utility of such a defense if it were honest. The failure or refusal to interpose it as a defense casts discredit upon his testimony in its entirety. Taxes amounting to upwards of $800 existed against the property when the note transaction was entered into, and plaintiff's claim that his money in excess of $10,000 was utilized to pay a part of these taxes, and that the balance was given to Aaron Bonuck, was, in the circumstances, entitled to credence. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

LOUIS GREEN, Appellant, v. MEYER BONUCK and Others, Executors, etc., of IKE BONUCK, Deceased, Respondents. (Actions Nos. 1, 2, 3 and 4.)— In view of the decision in *Green* v. *Bonuck, Nos. 1, 2, 3 and 4 (ante,* p. 703), decided herewith,

---

* Revd., 263 N. Y. 424.         † Affd., 264 N. Y. 533.

the appeal from the order denying plaintiff's motion for a new trial is dismissed, without costs. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of the Application of RICHARD CARTON, Respondent, for a Mandamus Order to Compel EDWARD MURRAY, as Commissioner of Public Works of the City of Yonkers, Westchester County, New York, Appellant, to Reinstate Said RICHARD CARTON in the Position of Carpenter in the Department of Public Works of Said City and to Remove EUGENE MULLINS from Petitioner's Said Position.— Alternative mandamus order unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

In the Matter of the Application of WILLIAM CHAMBERLAIN, Respondent, for a Mandamus Order to Compel EDWARD MURRAY, as Commissioner of Public Works of the City of Yonkers, Westchester County, New York, Appellant, to Reinstate Said WILLIAM CHAMBERLAIN in the Position of Laborer on Garbage and Ashes in the Department of Public Works of Said City and to Remove " JOHN " THOMPSON, the First Name " John " Being Fictitious, True First Name Unknown to Petitioner, from Petitioner's Said Position.— Alternative mandamus order unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J:, Young, Hagarty, Carswell and Davis, JJ.

In the Matter of the Application of JAMES GANSON, Respondent, for a Mandamus Order to Compel EDWARD MURRAY, as Commissioner of Public Works of the City of Yonkers, Westchester County, New York, Appellant, to Reinstate Said JAMES GANSON in the Position of Laborer on Garbage and Ashes in the Department of Public Works of said City and to Remove CHARLES SLATER from Petitioner's Said Position.— Alternative mandamus order unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

In the Matter of Proving the Last Will and Testament of WILLIAM MACGREADY, Also Known as WILLIAM L. MACGREADY, Deceased, as a Will of Real and Personal Property. MARY E. MACGREADY and GRACE KELLY, General Guardians of MURIEL MACGREADY and DONALD MACGREADY, Appellants; LOUISE MACGREADY, as Executrix, etc., of WILLIAM MACGREADY, Deceased, Respondent.* (Appeal No. 1.) — Order of the Surrogate's Court of Queens county denying motion for a new trial on the ground of newly-discovered evidence affirmed, without costs. No opinion. Lazansky, P. J., Tompkins and Davis, JJ., concur; Young and Hagarty, JJ., dissent.

In the Matter of Proving the Last Will and Testament of WILLIAM MACGREADY, Also Known as WILLIAM L. MACGREADY, Deceased, as a Will of Real and Personal Property. MARY E. MACGREADY and GRACE KELLY, General Guardians of MURIEL MACGREADY and DONALD MACGREADY, Appellants; LOUISE MACGREADY, as Executrix, etc., of WILLIAM MACGREADY, Deceased, Respondent. (Appeal No. 2.)†— Decree of the Surrogate's Court affirmed, without costs. No opinion. Lazansky, P. J., Tompkins and Davis, JJ., concur; Young and Hagarty, JJ., dissent and vote for reversal and a new trial.

In the Matter of the Application of RAYMOND A. MILLS, Respondent, for a Mandamus Order to Compel EDWARD MURRAY, as Commissioner of Public Works of the City of Yonkers, Westchester County, New York, Appellant, to Reinstate

*Appeal dismissed, 262 N. Y. 636.      †Affd., 263 N. Y. 531.